IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| J-WAY LEASING , LTD, d/b/a J-WAY LEASING AND MARINE, LLC, ) ) ) | CASE NO.: 1:07 CV 3031 |
| Plaintiff, ) ) | JUDGE DONALD C. NUGENT |
| v. ) ) | |
| AMERICAN BRIDGE COMPANY, et al., ) ) | MEMORANDUM OPINION AND ORDER |
| Defendants. ) | |

This matter is before the Court on Defendants' Renewed Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(b), or in the alternative, for a New Trial pursuant to Fed. R. Civ. P. 49 and 59(a)(1). (ECF #151). For the reasons that follow, Defendants' motion is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, J-Way Leasing, Ltd, d/b/a, J-Way Leasing & Marine, LLC ("J-Way"), brought this action against Defendants American Bridge Company ("American Bridge") and American Bridge/McLean Pier 11 Constructors, a Joint Venture, Williamsburg, Virginia (the "Joint Venture") alleging claims of breach of oral contract, quantum meruit/unjust enrichment and fraud arising out of a payment dispute related to bucket dredging work performed by J-Way for American Bridge on the Unites States Navy's Pier 11 demolition and new pier construction project on the Elizabeth River at Naval Station Norfolk in Norfolk, Virginia. Defendants filed a Counterclaim for breach of contract against Plaintiff.

Trial began on October 6, 2009 and testimony concluded on October 21, 2009.

Defendants' Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50 was denied as to Count One, breach of oral contract and the parties were informed that the Court would charge the jury on the claim of breach of an oral contract allegedly formed on February 11, 2006. Defendants' Motion was denied as to Count Two for Quantum Meruit and was granted as to Count Three for fraud and Misrepresentation.

The Jury returned the following answers to Interrogatories and Verdicts:

### Interrogatory Number 1

Did Plaintiff prove by a preponderance of the evidence that there was an oral contract between Plaintiff and Defendant American Bridge Company entered on February 11, 2006?
 _Yes_ **(insert in ink "YES" or "NO" according to your findings)**

### Interrogatory Number 2

If your answer to Interrogatory No. 1 was "yes," did Plaintiff prove by a preponderance of the evidence that Defendant American Bridge Company breached the contract?
 _Yes_ **(insert in ink "YES" or "NO" according to your findings)**

### Interrogatory Number 3

Did Defendants prove by a preponderance of the evidence that there was a written contract between Plaintiff and Defendants?
 _No_ **(insert in ink "YES" or "NO" according to your findings)**

### Interrogatory Number 4

If your answer to Interrogatory No. 3 was "yes," did Defendants prove by a preponderance of the evidence that Plaintiff breached the contract?
_____**(insert in ink "YES" or "NO" according to your findings)**      [Interrogatory No. 4 was not answered]

**Interrogatory Number 5**

If you found that there was no contract between the parties, did Plaintiff prove by a preponderance of the evidence that Plaintiff conferred a benefit directly on Defendants American Bridge and the Joint Venture?
  __Yes__ **(insert in ink "YES" or "NO" according to your findings)**

**Interrogatory Number 6**

If your answer to Interrogatory No. 5 is "yes," did Plaintiff prove by a preponderance of the evidence that Defendants American Bridge and the Joint Venture knew they received, and retained, the benefit?
  __Yes__ **(insert in ink "YES" or "NO" according to your findings)**

**Interrogatory Number 7**

If your answer to Interrogatory No. 6 is "yes," did Plaintiff prove by a preponderance of the evidence that Defendants American Bridge and the Joint Venture's retention of the benefit would be unjust without compensating Plaintiff?
  __Yes__ **(insert in ink "YES" or "NO" according to your findings)**

**Verdict for Plaintiff against Defendants on Defendants' Breach of Contract Counterclaim**

We the jury, being duly impaneled and sworn, find by a preponderance of the evidence in favor of the Plaintiff and against Defendants American Bridge/McLean Pier 11 Contractors, a Joint Venture on Defendants' Counterclaim for breach of contract.

**Verdict for Plaintiff against Defendants American Bridge/McLean Pier 11 Contractors, A Joint Venture on Plaintiff's Quantum Meruit Claim**

We the jury, being duly impaneled and sworn, find by a

>                preponderance of the evidence in favor of the Plaintiff on its
>                quantum meruit claim and against Defendants American
>                Bridge/McLean Pier 11 Contractors, A Joint Venture and award
>                damages in the amount of __$2,921,710.90___(Insert in ink an
>                amount from $0 to whatever the evidence requires.)

Despite answering Interrogatories finding that there was an oral contract between American Bridge and Plaintiff and that American Bridge had breached that oral contract, the Jury did not enter a verdict for Plaintiff on Plaintiff's claim for breach of oral contract against American Bridge or indicate any finding regarding damages on such a claim.  Instead, the Jury returned a unanimous verdict for Plaintiff and against the Joint Venture on Plaintiff's claim for quantum meruit and awarded damages in the amount of $2,921,710.90.  The Jury also returned a unanimous Verdict for Plaintiff and against Defendants on Defendants' Breach of Contract Counterclaim.  In accordance with the Jury's findings and Verdicts, the Court entered Judgment in favor of Plaintiff on Plaintiff's claim for Quantum Meruit against the Joint Venture in the amount of $2,921,710.90 and in favor of Plaintiff on Defendants' Counterclaim for Breach of Contract.

Defendants have filed the instant motion seeking one of three potential outcomes.  First, Defendants ask the Court to enter judgment against American Bridge only on Count One for Breach of Contract and award zero damages in accordance with the jury's interrogatory findings and enter judgment notwithstanding the verdict in favor of the Joint Venture on the Quantum Meruit claim.  If the Court should decline to follow option one, Defendants request that the Court grant a new trial in accordance with Fed. R. Civ. P. 49(b) and/or Fed. R. Civ. P. 59(a)(1).  Finally, if the Court declines to grant a new trial, Defendants request that the Court vacate the October 23, 2009 Judgment and enter Judgment for Defendants on all claims, in accordance with

Fed. R. Civ. P. 50 due to the lack of evidence supporting any damages allegedly suffered by Plaintiff.

**STANDARDS OF REVIEW**

**Motion for a New Trial under Fed. R. Civ. P. 49**

Fed. R. Civ. P. 49(b) concerns a general verdict with answers to written questions. When the general verdict and answers are consistent, the Court must approve an appropriate judgment on the verdict and answers. See Fed. R. Civ. P. 49(b)(2). When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may:
(A) approve, ... an appropriate judgment according to the answers, notwithstanding the general verdict; (B) direct the jury to further consider its answers and verdict; or (C) order a new trial. Fed. R. Civ. P. (B)(3). If the Answers are inconsistent with each other and the verdict, the court should not enter judgment and should direct the jury to further consider its answers and verdict or should order a new trial. Fed. R. Civ. P. 49(b)(4).

**Motion for Judgment as a Matter of Law**

Fed.R.Civ.P. 50(b) provides that if a court does not grant a motion for judgment as a matter of law made after the close of all the evidence and the party renews its request after a verdict is returned, the court may (1) allow the judgment to stand, (2) order a new trial, or (3) direct entry of judgment as a matter of law. The "standard for granting a renewed motion for judgment as a matter of law under Rule 50(b) is precisely the same as the standard for granting the pre-submission motion." Wright & Miller, *Federal Practice and Procedure*: Civil 2d § 2537, p. 347 (footnote omitted).

A federal court sitting in diversity must apply the forum state's standard of review when a

Rule 50 challenge is made to the sufficiency of the evidence supporting the jury's findings. *Aetna Casualty and Surety Company v. Leahey Construction Company of America, Inc.,* 219 F.3d 519, 532 (6 Cir.2000)( *citing Palmer v. Fox Software, Inc.,* 107 F.3d 415, 418 (6th Cir.1997)). Under Ohio law,

> [t]he test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict (now known as a motion for judgment as a matter of law in the federal courts) is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions.

*Aetna Cas. And Sur. Co., v. Leahey Construction Co.,* 219 F.3d 519, 532 (6th Cir. 2000)quoting *Posin v. A.B.C. Motor Court Hotel, Inc.,* 45 Ohio St.2d 271, 344 N.E.2d 334, 338 (1976).

**Motion for a New Trial**

In contrast to judgment as a matter of law, "[t]he authority to grant a new trial is confided almost entirely to the exercise of discretion on the part of the trial court." *Williamson v. Owens-Illinois, Inc*., 787 F.2d 594, 1986 WL 16533 at *3 (6th Cir. 1986) (*quoting* 11 Wright & Miller, *Federal Practice and Procedure*, § 2806 (1973)). When reviewing a motion for a new trial, a court "should indulge all presumptions in favor of the validity of the jury's verdict." *Brooks v. Toyotomi Co.*, 86 F.3d 582, 588 (6th Cir. 1996)(*citing Ragnar Benson, Inc. v. Kassab*, 325 F.2d 591, 594 (3rd Cir. 1963)). A jury verdict must be upheld so long as there is any competent and substantial evidence in the record to support it, even if contradictory evidence was presented. *Green v. Francis*, 705 F.2d 846, 849 (6th Cir. 1983).

Nevertheless, on a motion for new trial, as contrasted with a motion for judgment as a matter of law, the judge may set aside the verdict even though there exists substantial evidence to support it. *McDonald v. Petree*, 409 F.3d 724 (6th Cir. 2005).  However, the district court "should refrain from interfering with a jury's verdict unless it is clear that the jury reached a seriously erroneous result." *Brooks*, 86 F.3d at 588.  The Sixth Circuit has explained that a "seriously erroneous result" would be evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion *i.e.*, the proceedings having been influenced by prejudice or bias.  *Holmes v. City of Massillon*, 78 F.3d 1041 (6th Cir. 1996).

Moreover, a motion for a new trial will not be granted unless the moving party suffered prejudice. *Tompkin v. Philip Morris USA, Inc.,* 362 F.3d 882, 891 (6th Cir.2004)(citing *Erskine v. Consol. Rail Corp.,* 814 F.2d 266, 272 (6th Cir.1987)) (holding that a new trial will not be granted on the ground that surprise evidence was admitted unless the moving party was prejudiced). Even if a mistake has been made regarding the admission or exclusion of evidence, a new trial will not be granted unless the evidence would have caused a different outcome at trial. *Morales v. American Honda Motor Co., Inc.,* 151 F.3d 500, 514 (6th Cir.1998).

**ANALYSIS**

Moving first to Defendants' arguments pursuant to Fed. R. Civ. P. 49, Defendants argue that the Court should create a verdict and enter judgment on count 1 in favor of Plaintiff based upon answers to Interrogatories 1and 2 ,or in the alternative, order a new trial based upon the allegedly inconsistent answers and verdicts.  The Court clearly instructed the Jury that they could only find in favor of Plaintiff on either breach of oral contract or quantum meruit, not both.  The

Jury's verdict is consistent with this instruction.  While the Jury answered yes to interrogatories asking if there was an oral contract formed between American Bridge and Plaintiff and if American Bridge breached the oral contract, the Jury did not enter a verdict on the breach of oral contract claim or indicate any finding regarding damages on that claim.  Rather, the interrogatories regarding the quantum meruit claim were filled out consistently with the Jury's verdict in favor of Plaintiff on that claim.  The Jury also assessed damages on that claim. Clearly, the Jury determined that as between the two claims, the Joint Venture was liable to Plaintiff on the theory of quantum meruit and assessed damages.  Thus, there are no inconsistent verdicts and the interrogatory answers regarding the breach of oral contract claim are irrelevant. Accordingly, since the Jury made a clear statement of its intent to find in favor of Plaintiff on the quantum meruit claim rather than the breach of or contract claim, the Court finds that there is no basis to disregard the Jury's findings and enter judgment in favor of Plaintiff on the breach of contract claim or to order a new trial based upon the interrogatories and verdicts.  Moreover, to the extent that Defendants seek judgment as a matter of law based upon any alleged inconsistency between the interrogatory answers and verdicts, that motion is denied.

Defendants also seek a new trial pursuant to Rule 49(b) and Rule 59(A)(1) on the grounds that the interrogatories and verdict were inconsistent.  However, as discussed above, the interrogatories and verdict were not inconsistent and the Court entered judgment on the verdicts delivered by the Jury.  Further, after carefully reviewing all of the submissions of the parties, the Court finds that the motion for a new trial pursuant to Rule 59 is not warranted as there was no "seriously erroneous result."

Finally, Defendants move for judgment as a matter of law on the ground that there was a

8

lack of evidence regarding damages and assert that this lack of evidence requires the Court to vacate the October 23, 2009 Judgment and enter judgment in favor of Defendants on all claims. Specifically, Defendants object to the admission of the testimony of Plaintiff's expert, Jim Thomas, regarding the total cost damages model at trial. As noted by the Court in denying Defendants' motion in limine to preclude the total cost damage model, the question of whether Plaintiff proved all of the elements of the total cost damage model was for the jury to decide. There was testimony of experts on both sides. In any event, the jury was instructed that the total cost method was a measurement of damages for breach of contract, not quantum meruit. As the jury did not enter a verdict on breach of contract or assess damages on that claim, Defendants were not prejudiced by the admission of testimony on the total cost damages model.

The Court presumes that the jury followed the Court's instruction of damages relevant to quantum meruit when they awarded damages on that claim. The Court instructed that the measure of damages for quantum meruit was the reasonable value of the services Plaintiff provided for the benefit of the defendant, with "the reasonable value of services being the reasonable costs incurred in performance plus reasonable profits on such costs, without adjustment for anticipated profit or loss of the contract and without limitation by contract pricing provisions." In addition to the testimony of Mr. Thomas, Plaintiff submitted stipulations, agreed to by Defendants, of certain damages and Mr. Johnson also testified about the damages incurred by Plaintiff on the project. Accordingly, the Court denied Defendants' motion for judgment at the close of Plaintiff's case and the close of all evidence as the Plaintiff had submitted evidence, which if believed by the jury, could support judgment in its favor on its claims. Having denied Defendants' motion for judgment as a matter of law twice, Defendants have not asserted any

9

additional legal authority or evidence which would require the Court to grant judgment in their favor at this juncture.

## CONCLUSION

For the reasons set forth above, Defendants' Renewed Motion for Judgment as a Matter of Law, or for a New Trial (ECF #151) is denied.

IT IS SO ORDERED.

                                                  *Donald C. Nugent*
                                                  DONALD C. NUGENT
                                                  UNITED STATES DISTRICT JUDGE

DATED: February 23, 2010