IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| J-WAY LEASING , LTD, d/b/a J-WAY LEASING AND MARINE, LLC,   )  ) | CASE NO.: 1:07 CV 3031 |
| Plaintiff,   ) | JUDGE DONALD C. NUGENT |
| v.   )  ) | MEMORANDUM OPINION |
| AMERICAN BRIDGE COMPANY, et al.,   )  ) | AND ORDER |
| Defendants.   ) | |

This matter is before the Court on Plaintiff's Motion to Amend and/or alter the Judgment Entered on October 23, 2009 pursuant to Fed. R. Civ. P. 59(e). (ECF #152).  For the reasons that follow, Plaintiff's  motion is granted in part and denied in part.

## FACTUAL AND PROCEDURAL BACKGROUND

After twelve days of trial, the Court entered Judgment on October 23, 2009, on the Jury's verdict in favor of Plaintiff, J-Way Leasing Ltd. ("J-Way") in the amount of $2,921,710.90 on its claim of quantum meruit against Defendant American Bridge/McLean Pier 11 Constructors, a Joint Venture (the "Joint Venture") and against Defendants American Bridge Company and the Joint Venture on their counterclaim for breach of contract.

Plaintiff now seeks to amend the Judgment to include an award of prejudgment interest in the amount of $669,031.77 pursuant to Ohio Rev. Code § 1343.03(A) and Ohio common law. Additionally, Plaintiff seeks to amend the Judgment to include an award not only against the Joint Venture, but also against Defendant American Bridge on the grounds that as a partner in the Joint Venture, American Bridge is liable for the Judgment that Plaintiff obtained against the Joint Venture.

**A. PREJUDGMENT INTEREST**

Plaintiff moves to amend the Judgment in order to include prejudgment interest on its contract claim pursuant to Ohio Rev. Code § 1343.03(A).[1]  All parties agree that Ohio's prejudgment interest statute and Ohio law governs any prejudgment interest award in this diversity action.  See *FDIC v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000).  Ohio Rev. Code § 1343.03(A) provides in relevant part:

> [W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or contract or other transaction, the creditor is entitled to interest in the rate per annum determined pursuant to section 5703.47 of the Revised Code.

Ohio courts agree that an award of prejudgment interest is compensation to the plaintiff for the period of time between accrual of the claim and judgment. *Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 117, 652 N.E.2d 687. The focus is on whether the injured plaintiff has been fully compensated. *Id.*  Once it has been determined that an award of prejudgment interest is justified, it is within the trial court's discretion to fix the date the claim accrued for computation purposes. *Nethery v. State Farm Ins. Cos.,* 146 Ohio App.3d 282, 285-86, (8th Dist.Ct. App. 2001) *citing Landis v. Grange Mut. Ins. Co.,* 82 Ohio St.3d 339, 342, 695 N.E.2d 1140 (1998).

Defendants object to an award of prejudgment interest on the ground that the amounts due and owing under Plaintiff's quantum meruit claim were not ascertainable before trial.

---

[1] A post-judgment motion for prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e).  *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989).

2

Moreover,  Defendants assert that the Ohio Supreme Court's holding in *Royal Electric*, *supra*, does not apply to a quantum meruit case.

In *Royal Electric*, the Court of Claims found in favor of Plaintiff on two breach of contract claims for costs incurred as a result of delays in the construction of two buildings for Ohio State University. The Ohio Supreme Court determined that Plaintiff was entitled to prejudgment interest holding:

> in a case involving breach of contract where liability is determined and damages are awarded against the state, the aggrieved party is entitled to prejudgment interest on the amount of damages found due by the Court of Claims. The award of prejudgment interest is compensation to the plaintiff for the period of time between accrual of the claim and judgment, <u>regardless of whether the judgment is based on a claim which was liquidated or unliquidated and even if the sum due was not capable of ascertainment until determined by the court.</u>

73 Ohio St. 3d at 117 (emphasis added).  Thus, the Court explicitly rejected the notion that prejudgment interest is only available in cases with liquidated damages or in cases where damages are readily ascertainable.  Rather, the Court set forth the following standard for determining when prejudgment interest should be awarded under R.C. 1343.03(A):

> in determining whether to award prejudgment interest pursuant to R.C. 2743.18(A) and 1343.03(A), a court need only ask one question: Has the aggrieved party been fully compensated?

*Id*. at 116.  The Court noted that an award of prejudgment interest acts as compensation and serves ultimately to make the aggrieved party whole. " Indeed, to make the aggrieved party whole, the party should be compensated for the lapse of time between accrual of the claim and judgment." *Id.* at 117.

Defendants also assert that the Ohio Supreme Court's holding in *Royal Electric* applies

3

only to breach of contract cases, not to quantum meruit cases. See *Cantwell Machinery Co. v. Chicago Machinery Co.*, No. 08AP-1040, 2009 WL 2783956 (Ohio Ct. App. Sept. 3, 2009) (*Royal Electric* does not undercut its prior holding that R.C. 1343.03(A) does not allow for an award of prejudgment interest on a judgment for unjust enrichment.) However, this Court finds that Ohio courts have permitted prejudgment interest awards on claims of quantum meruit or unjust enrichment and that the Ohio Supreme Court's holding in *Royal Electric* is not limited solely to contract cases.  See *Desai v. Franklin*, 177 Ohio App.3d 679, 696 (2008) ("A claim for unjust enrichment constitutes a quasi-contractual claim and falls under the purview of R.C. 1343.03(A)..." Once the jury found in favor of the plaintiff and awarded unjust enrichment damages, the trial court was obligated to award prejudgment interest on that claim.); *Euro Tyres Corp. v. SK Machinery Corp.*, 08 CV 2953, 2010 WL 411236 (N.D. Ohio Jan. 28, 2010).

       Thus, the question before this Court is whether the Plaintiff in this case has been fully compensated. As in most of these cases, the plaintiff in this case will not have been fully compensated until it is compensated for the lapse of time between accrual of the claim and judgment.  Accordingly, J-Way is entitled to an award of prejudgment interest on its quantum meruit award.  The only remaining issue to be decided is the date on which the prejudgment interest began to accrue for computation purposes.  Plaintiff asserts that prejudgment interest should accrue from the dated that the principal amount became due and payable.  Thus, Plaintiff contends that in cases like this one involving a construction project, the amount becomes due and payable when the party substantially completes its work on the project.  Plaintiff asserts that the date of substantial completion for the dredging portion of its work was July 11, 2006.

       The Joint Venture counters that an award of prejudgment interest should be calculated

from August 10, 2007, the date this action was filed by J-Way and the date that there is a request for a return of the money.  A cause of action for unjust enrichment, or quantum meruit, accrues on the date that money is retained under circumstances where it would be unjust to do so. *Palm Beach Co. v. Dun & Bradstreet, Inc.*, 106 Ohio App. 3d 167, 175 (Ohio Ct. App. 1995); *Ignash v. First Service Federal Credit Union*, No. 01AP-1326, 2002 WL 1938412 (Ohio Ct. App. Aug. 22, 2002).  In this case J-Way's work was substantially completed on July 11, 2006 and the Joint Venture should have paid J-Way for its work at that time.  Thus, the Joint Venture retained money due Plaintiff as of that date.  Accordingly, the Court finds that J-Way will only be fully compensated with an award of prejudgment interest on its award of $2,921,710.90 commencing on July 11, 2006 at the rate described in R.C. 1343.03 and 5703.47.[2]

### B. REQUEST TO INCLUDE DEFENDANT AMERICAN BRIDGE IN THE AWARD AGAINST THE JOINT VENTURE

J-Way also seeks to amend the Judgment to include American Bridge in the award against the Joint Venture on the grounds that the Joint Venture Agreement between American Bridge and McLean which governed the Joint Venture's bid to the Navy and the performance of their work on the Pier 11 project, provides that American Bridge and McLean are jointly and severally liable for the work performed on the Pier 11 project.

In this Case, the quantum meruit claim was directed only against the Joint Venture and the Jury was charged that way and returned a verdict on the quantum meruit claim only against the Joint Venture.  J-Way did not object to the instructions or the verdict forms on this point.

---

[2]J-Way has submitted a worksheet detailing the amount of prejudgment interest based upon an accrual date of July 11, 2006 and upon the rates described in R.C. 1343.03 and 5703.47.  Defendants have not objected to the mathematical computations.  Accordingly, the Court will enter an award of prejudgment interest in the amount computed by Plaintiff–$669,031.77.

Whether American Bridge may be held liable at some date in the future on the award against the Joint Venture based upon the Joint Venture Agreement is not the issue before this Court and is not for this Court to decide. Rather, this Court entered Judgment on the Jury Verdict on J-Way's quantum meruit claim against the Joint Venture. There is no basis on which this Court may now expand that Judgment to include another Defendant. Accordingly, Plaintiff's Motion to Amend the Judgment to include American Bridge in the award against the Joint Venture is denied.

## CONCLUSION

For the reasons set forth above, the Motion to Alter or Amend the Verdict (ECF #152) is granted as to Plaintiff's request for prejudgment interest in the amount of $669,031.77 and denied as to Plaintiff's request to include Defendant American Bridge in the award against the Joint Venture.

IT IS SO ORDERED.


       _Donald C. Nugent_____
       DONALD C. NUGENT
       UNITED STATES DISTRICT JUDGE

DATED:  February 23, 2010