# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| J-WAY LEASING, LTD d/b/a, J-WAY LEASING & MARINE, LLC, | ) ) | CASE NO. 1:07 CV 3031 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| AMERICAN BRIDGE COMPANY, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on J-Way Leasing, LTD's ("J-Way") Motion for an Order Awarding Costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 (ECF # 153).

## I. Law and Analysis

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). "This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Soberay Mach. & Equipment Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999) (quoting *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)).

28 USCS § 1920 sets forth the expenses that may be taxed as costs:

(1) Fees of the clerk and marshall;
(2) Fees of the court reporter for all or part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section

1828 of this title.

J-Way was the prevailing party in this case and on October 23, 2009, the Court entered judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in favor of J-Way against Defendant American Bridge/Mclean Pier 11 Constructors, A Joint Venture, Williamsburg, Virginia ("The Joint Venture") in the amount of $2,921,710.90 and in favor of J-Way on Defendants' counterclaim for breach of contract. J-Way now seeks to tax costs in the amount of $77,531.17.  J-Way initially requested $78,223.45 for these costs, but reduced that amount by $692.28 after Defendants objected to requests for postage, late fees, and videographer costs associated with the un-noticed deposition of Steven Jackson. The Court will now address each category of costs requested by the prevailing party and determine the proper amount to be awarded.

### A. Deposition and Court Transcript Costs

J-Way seeks to tax as costs $32,901.02 for printed or electronically recorded transcripts necessarily obtained for use in the case under § 1920(2). In the Sixth Circuit, the costs of taking and transcribing depositions reasonably necessary for the litigation ordinarily are allowed to the prevailing party. *Hartford Fin. Services Group, Inc. v. Cleveland Pub. Library*, No. 1:99-CV-1701, 2007 U.S. Dist. LEXIS 22528 at *10-11 (N.D. Ohio March, 28, 2007) (citing *Baker v. First Tennessee Bank Nat. Ass'n*, No. 96-6740, 1998 WL 136560 (6th Cir. Mar. 19, 1998) (quoting *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989))). Therefore, the party challenging the motion to award costs bears the burden of identifying the specific deposition costs it finds unreasonable and unnecessary. *See id.* at *13 (citing *White and White, Inc.*, 786 F.2d at 732).

Defendants first object to J-Way's request for costs associated with the depositions of

2

Susan Lutz, Alexander Haag, Van Carson, Denver Land, Luke Jackson, and Stephen Newton in the amount of $6,853.27 on the grounds that the deponents did not testify at trial and J-Way has failed to show that these depositions were reasonable and necessary and not taken simply for investigation and preparation. In response, J-Way argues there is no legal requirement that every deposition taken for use in the case must actually be used during trial for the prevailing party to recover these costs. Additionally, J-Way points out that the six disputed depositions were listed in either Defendants' trial witness list, J-Way's trial witness list, or used by J-Way in a dispositive motion. As such, J-Way maintains that each deposition was reasonable and necessary and therefore taxable under § 1920.

The Court agrees with J-Way's initial contention that not every deposition taken must be used during trial to be taxable under § 1920. Rather, necessity is determined at the time a deposition is taken and the fact that it is not used at trial does not determine whether its costs were reasonable and necessary. *See Hartford*, 2007 U.S. Dist. LEXIS 22528, at *12 (citing to *Baker*, 1998 WL 136560 at *3); *see also* 10 Charles Alan Wright, *et al.*, Federal Practice and Procedure, Civil 2d § 2676, at 341 (2d ed 1983). J-Way also correctly notes that the six depositions at issue were cited in either one or both of the trial briefs of the respective parties.(*See* ECF ## 100, 103-1). Defendants specifically list Van Carson, Denver Land, Luke Jackson, and Stephen Newton as proposed witnesses and also discuss potential evidentiary issues with the testimony of Susan Lutz and Alexander Haag in their trial brief. (*See* ECF # 100). Although prospective use at trial is not dispositive as to whether a deposition is "necessary" and therefore recoverable (*Twee Jonge Gezellen LTD., v. Owens-Illinois, et al.*, No. 3:04-CV-7349, 2007 U.S. Dist. LEXIS 96790, at *25), these witnesses were included in the trial briefs for their

3

personal or expert knowledge of matters related to the dispute. (*See* ECF ## 100, 103-1).
Therefore, either party could have used the depositions for any purpose, including impeachment
if necessary. Under these circumstances, the Court finds these depositions were necessarily
obtained for use in this case and are taxable under § 1920.

Defendants also object to J-Way's request for costs for obtaining copies of the trial
transcripts of the trial testimony of Corey Heisey and James Thomas and the costs of obtaining
copies of the transcript of the closing arguments and the jury charge in the amount of $1,348.30
on the grounds that these transcripts were not cited in J-Way's post-trial 59(e) motion and that J-
Way has failed to show how these transcripts were necessarily obtained for use in the case. In
response, J-Way asserts that it cited to the jury charge and testimony of James Thomas in its
Motion in Opposition and used the closing argument and testimony of Corey Heisey in preparing
its opposition brief to American Bridge's post-trial motion. In the Sixth Circuit, a court may find
that costs for obtaining court transcripts are unnecessary and decline to tax such expenses under
§ 1920. *See White & White*, 786 F.2d at 730; *Hartford*, 2007 U.S. Dist. LEXIS 22528, at *19-20.
In this case, J-Way did not cite to the closing argument and testimony of Corey Heisey in any
post-trial motions. Because these items were only used for preparation by J-Way, they were
more likely for convenience and not necessary for use in the case. Accordingly, the Court will
deny these costs and reduce the requested amount of $1,348.30 by one-half to represent the
unnecessary costs of the closing argument and testimony of Corey Heisey. Thus, the Court will
award $674.15 for the costs for the jury charge and the testimony of James Thomas because
those items were cited in J-Way's post-trial motion and necessarily obtained for use in the case.

Defendants also object to J-Way's request for costs associated with obtaining expedited

transcripts and rough transcripts of certain depositions in the amount of $2,316.45 on the grounds that J-Way has not offered any explanation for the rush status of these items. Because J-Way failed to address this objection in its Reply Brief (*See* ECF # 161), the Court cannot determine whether these "rush" charges were necessarily obtained for use in the case. Consequently, the Court will deny these requested costs in the full amount of $2,316.45.

Finally, Defendants object to J-Way's request for costs associated with video/audio synchronization in the amount of $770.75 on the grounds that J-Way has not provided any explanation for this cost and has not shown why it is reasonable and necessary. In the Sixth Circuit, costs for video/audio synchronization "represent a strategic choice by counsel on how to most persuasively present their case [and] not necessary to the presentation of the case." *Whirlpool Corp. v. LG Elecs., Inc.*, No. 1:04-CV-100, 2007 U.S. Dist. LEXIS 62591, at *1 (W.D. Mich. Aug. 26, 2007). Accordingly, these costs are not recoverable under § 1920 and the Court will deny J-Way's request in the amount of $770.75. In total, this Court shall permit taxation of $29,139.67 for printed or electronically recorded transcripts necessarily obtained for use in the case under § 1920(2), rather than the requested $32,901.02.

### B. Exemplification and Photocopying Costs

J-Way seeks to tax as costs $44,630.15 for exemplification and costs of making copies of any material where the copies are necessarily obtained for use in the case under § 1920(3)-(4). This amount breaks down as follows: $14,670.76 for document imaging, $27,177.94 for paper copies, $1,255.00 for electronic copies (CDs), and $1,526.45 for bates labeling. The prevailing party generally may tax as costs "[f]ees for exemplification and papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Additionally, "electronic scanning and imaging *could* be

5

interpreted as 'exemplification and copies of papers.'" *BDT Products Inc. v. Lexmark Int'l , Inc.*, 405 F.3d 415, 420 (6th Cir. 2005). [Emphasis added]. The Sixth Circuit has cautioned, however, that a court should not "rubber stamp" a party's request for reproduction costs. *See Aubin Indus., Inc. v. Smith, et al.*, No. 1:04-CV-681, 2009 U.S. Dist. LEXIS 55104, at *17-18 (S.D. Ohio June 15, 2009) (citing *Bowling v. Phizer, Inc.*, 132 F.3d 1147, 1152 (6th Cir. 1998)). Rather, it should investigate the requested costs for necessity and reasonableness. *Id.*

Defendants object to J-Way's request for costs for document imaging in the amount of $14,670.76 on the grounds that J-Way has not explained why these costs for converting documents to electronic form are necessary and reasonable. Defendants also object to J-Way's request for costs of making paper copies in the amount of $27,177.94 and for costs of making electronic copies in the amount of $1,255.00. Defendants contend that J-Way has made no effort to demonstrate that these amounts were incurred solely for making copies for Defendants or for this Court. In response, J-Way asserts that it included vendor invoices that detail how these costs were necessary for this case. More specifically, J-Way contends the requested amounts of $14,670.76 for imaging and $1,255 for electronic copies were related to the creation of electronic copies used for production, as exhibits at depositions, and ultimately at trial. Finally, J-Way argues its request for reproduction costs in the amount of $44,630.15 is reasonable under § 1920 because this case took over three years to final judgment and involved a number of claims, heavy dispositive motion practice, and a long trial.

In the Sixth Circuit, computer disc (CD) copies obtained to reduce time and costs in reviewing documents necessary for litigation are not taxable under § 1920. *See Hartford*, 2007 U.S. Dist. LEXIS 22528 at *16-17. Furthermore, costs for "marking exhibits . . . are . . .

6

'overhead' expenses [and] not taxable under § 1920." *Id.* at *17 (quoting *Elabiad v. Trans-West Express, LLC*, No. 3:03-CV-7452, 2006 U.S. Dist. LEXIS 48252 at *6 (N.D. Ohio 2006)). Because costs attributable to bates labeling are analogous to costs for marking exhibits in the Sixth Circuit, they also are not recoverable under § 1920 as an overhead cost. *Id.* at *18. Therefore, this Court will deny J-Way's request for $1,255.00 for electronic copies (CDs) and $1526.45 for bates labeling.

Next, "[t]he burden is on the party seeking reimbursement for [reproduction] costs to show that the copies [recoverable under § 1920] were necessary for use in the case." *Id.* at *21-22 (citing *Charboneau v. Severn Trent Labs.*, 2006 U.S. Dist. LEXIS 16877 *4 (W.D. Mich. 2006)). For instance, additional copies obtained for the convenience of counsel are not recoverable under § 1920. *Id.* at *22 (citations omitted). Therefore, the prevailing party must submit an affidavit supporting any requested reproduction costs, so the court can investigate the request for necessity and reasonableness and determine whether the charges are proper. *Aubin*, 2009 U.S. Dist. LEXIS 55104 at *18 (citation omitted).

J-Way has submitted an affidavit along with a description of costs and invoices to support its request for costs. Nevertheless, these items fail to specify how all reproduction costs requested were necessary for use in the case. The affidavit of Audra J. Zarlenga, counsel for J-Way, simply states: "I attest that the costs outlined in the spreadsheet were reasonable and necessary to pursuing J-Way's claim against Defendants. I also attest that the spreadsheet accurately reflects the costs incurred." (ECF # 153-1, P. 2). The spreadsheet referenced in Ms. Zarlenga's affidavit is also scarce on details. It merely breaks up the total amount requested for reproduction costs into four broad categories. For instance, the spreadsheet indicates that J-Way

7

seeks $27,177.94 for "copies - paper" and $14,670.76 for "Document Imaging." (ECF # 153-2). Finally, the attached invoices also lack specifics. Although they reference the matter in question, the number of copies, and the unit price per copy, they do nothing to explain how the copies necessarily were used in the case. This "meager information" is not sufficient to determine how the copies were of necessity in the case, if they were at all. *Hartford*, 2007 U.S. Dist. LEXIS, at *20. Consequently, this Court cannot determine whether these charges include any costs not recoverable under § 1920, such as additional copies for the convenience of counsel. Accordingly, J-Way has failed to meet its burden of proof by adequately supporting its requested reproduction costs.

In *Hartford*, Judge Oliver reduced the request for reproduction costs by 30% to reflect the estimate of costs not recoverable under § 1920. *Id.* at *26-27. The costs making up the 30% reduction in that case included costs attributable to convenience copies, the labeling of exhibits, bates labeling and the creation and duplication of CDs. *Id.* In the instant case, costs attributable to bates labeling and the creation of CDs have already been deducted from J-Way's request for reproduction costs. Therefore, this Court will only deduct 20% from J-Way's request to tax as costs $27,177.94 for "copies-paper" and 20% from its request to tax as costs $14,670.76 for "Document Imaging." These deductions account for the Court's estimate of costs attributable to convenience copies and the labeling of exhibits. In total, this Court shall permit taxation of $33,478.96 for exemplification and costs of making copies of any material necessarily obtained for use in the case under § 1920(3)-(4), rather than the requested $44,630.15.

## II. Conclusion

For the reasons set forth above, J-Way's Motion for an Order Awarding Costs (ECF #

8

153) is granted in the revised amount of $62,618.63.

| Category | Amount Requested | Amount Awarded |
|---|---|---|
| Deposition Costs | $28,465.52 | $28,465.52 |
| Trial Transcripts and Jury Charge Costs | $1,348.30 | $674.15 |
| Expedited and Rough Transcript Costs | $2,316.45 | $0 |
| Video/Audio Synchronization Costs | $770.75 | $0 |
| Electronic Document Imaging Costs | $14,670.76 | $11,736.61 |
| Paper Copy Costs | $27,177.94 | $21,742.35 |
| CD Copy Costs | $1,255.00 | $0 |
| Bates Labeling Costs | $1,526.45 | $0 |
| **Totals** | **$77,531.17** | **$62,618.63** |

IT IS SO ORDERED

_s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: March 4, 2010

9